IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ANITA BACA on behalf of**
**FELIX ANDRES BACA, a minor,**

    **Plaintiff,**

vs.                                                          Civil No. 10-1189 RLP/LFG

**MICHAEL J. ASTRUE,**
**COMMISSIONER OF SSA,**

    **Defendant**.

**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS***

Plaintiff, acting of behalf of her minor grandson, has filed a complaint seeking review of the decision of the Commissioner of Social Security to deny or limit supplemental security income benefits sought on behalf of the grandson. (Docket No. 1). Pending before the court is Plaintiff's motion to proceed *in forma pauperis*, pursuant to 28 U.S.C. §1915(a). (Docket No. 2).

This matter was assigned to me pursuant to 28 U.S.C. §636( c) and Fed. R. Civ. P. 73(b). (Docket No. 4). Plaintiff has filed her consent to have me conduct all dispositive proceedings in this matter. (Docket No. 4).

Proceeding *in forma pauperis* in a civil case "is a privilege, not a right - fundamental or otherwise." White v. Colorado, 157 F.3d 1226, 1233 (10th Cir. 1998), cert. denied, 526 U.S. 1008, 119 S. Ct 1150, 143 L.Ed. 2d 216 (1999). The decision to grant or deny *in forma pauperis* status under §1915 lies with the sound discretion of the trial court. Cabrera v. Horgas, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr.23, 1999), cert. denied, 531 U.S. 832, 121 S.Ct. 86, 148 L.Ed.2d 47 (2000). In denying such applications, however, a court must not act arbitrarily or deny the application on erroneous grounds. Zhu v. Countrywide Realty Co., 148 F.Supp. 2d 1154, 1156 (D.

Kan. 2001).

Because Plaintiff seeks to vindicate the alleged substantive rights of a minor, the financial resources of both Plaintiff and the minor are considered in evaluating the ability to pay for costs of litigation. Williams v. Spencer, 455 F.Supp. 205, 209 (D.C. Md. 1978).

The financial affidavit submitted by Plaintiff indicates that she resides in a household of five, herself and four minor grandchildren. Her income comes from the following sources and in the following monthly amounts:

| | |
|---|---:|
| Rent paid by brother | $350.00 |
| Child support | 50.00 |
| Retirement | 598.00 |
| Disability benefits for grandson | 674.00 |
| Survivor's benefits for Plaintiff | 239.00 |
| Survivor's benefits for 2 grandchildren | 604.00 |
| Total | $2,731.00 |

This monthly income translates into an annual income of $32,772.00. Plaintiff further states that the monthly expenses for her household total $2,628.00, and that she anticipates no changes in income or expenses during the next twelve months.

Courts have sometimes used the Federal Poverty Guideline as a threshold for determining whether to allow a civil plaintiff to proceed without payment of fees. See, e.g., Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305 (11th Cir.2004), Hernandez v. Dart, 635 F.Supp.2d 798, 805 (N.D.Ill.2009), McKeague v. Matsuura, 2009 WL 89112, *2 (D. Hawaii, 2009). The current

poverty guideline for a five- person household in New Mexico is $25,790.00.[1] Federal Register, Vol 75, No. 148, August 3, 2010, pp. 45628-45629. Plaintiff's household income exceeds the federal poverty guidelines by a significant amount.

Based on Plaintiff's affidavit, the Court finds that Plaintiff does not qualify for *in forma pauperis* status under 28 U.S.C. § 1915. Plaintiff has failed to demonstrate that she genuinely cannot afford to prepay the costs of initiating this action.

Accordingly, Plaintiff's Motion to Proceed *In Forma Pauperis* (Docket No. 2) is Denied.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　　　／s／
　　　　　　　　　　　　　　　　　　　　　Richard L. Puglisi
　　　　　　　　　　　　　　　　　Chief United States Magistrate Judge
　　　　　　　　　　　　　　　　　　　　(Sitting by Consent)

---

[1] Plaintiff does not contend that her brother, from whom she receives rental income, relies on her for support. (See ¶7 of Docket Attachment to Docket No. 2, Application to Proceed in District Court Without Prepayment of Fees or Costs.) Accordingly, his presence in the household is not considered in determining the applicable poverty guideline. I note, however, that even if the brother were included in the household, Plaintiff's household income would exceed the 2010 poverty guidelines. Federal Register, Vol 75, No. 148, August 3, 2010, pp. 45628-45629.